[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action for dissolution of the parties marriage on the grounds of irretrievable breakdown by complaint returnable August 30, 1994 to this court. The plaintiff also sought an equitable distribution of the property and estate of the parties and a change of name. On November 8, 1994 the complaint was amended to add a second count for desertion and sought additional relief of an equitable allocation of debts incurred during the course of the marriage.
The parties were represented throughout the proceedings by counsel. At trial, both parties testified and submitted financial affidavits and proposed orders. CT Page 7122
From all of the evidence submitted the court finds the following facts. The parties were married on September 19, 1992 in Lebanon, Connecticut. The plaintiff resided in the state of Connecticut continuously for more than one year prior to the commencement of this action. There were no minor children of this marriage and no children have been born to the wife since the date of the marriage. Neither party has been a recipient of public assistance and all statutory stays have expired.
The court finds all of the allegations of count one of the complaint proven and that the marriage has broken down irretrievably. The court finds for the defendant on count two as the claim of desertion has not been proven.
In late 1988 the plaintiff met the defendant and developed a friendship. In the Spring of 1990 a romantic relationship developed and in July of 1990 the parties decided to live with one another. They leased an apartment in Mansfield Center, Connecticut and each agreed to pay one half of the living expenses including the lease expense. The plaintiff worked part time and attended the University of Connecticut as a student where she obtained her degree in graphic design from the College of Fine Arts in the Spring of 1991.
The defendant, who has some skills as a carpenter and painter, lost his employment in February of 1991. Despite this set back for the defendant, the plaintiff maintained her job and received financial help from her father allowing her to continue to pay the joint living expenses. At about this time the plaintiff received a credit card solicitation with an approved credit line of $5,000 which card she applied for and received in her name. She used this card to pay the joint living expenses of the parties. At that time the parties believed that the defendant would obtain employment in the near future and that the balance on the card would be paid off.
Immediately after the parties returned from their honeymoon the plaintiff was terminated from her position at the University where she had been employed through no fault of her own. Shortly thereafter she was rehired and continues her employment there to the present. In February of 1993 the defendant obtained a job as a bartender and approximately two months later left that job to work at another restaurant. The defendant had been unsuccessful in obtaining any position as a carpenter or painter throughout CT Page 7123 the course of the marriage except for occasional piece work. In the Spring of 1994 the defendant began to travel to New York to work for his brother on a construction project for the state of New York. In June of 1994 the plaintiff and defendant separated and the defendant took up residence in New York where he currently resides.
Presently the defendant, who is 39 years old, is an employee of the state of New York and is working as a clerk in the Department of Motor Vehicles. He earns a net weekly wage of $247.66. His prospects of continued employment with the state are uncertain as he is considered a lower level employee at a time when state budget cuts are probable. The plaintiff, who is 29 years old, earns a net weekly wage of $437.89 with the University of Connecticut and it appears her employment future is bright having obtained her Masters degree within the last few years. Presently the plaintiff is sharing living arrangements and expenses with another man in an apartment in Vernon, Connecticut.
The defendant's health is generally good although he suffers from depression for which he takes medication. The plaintiff is in good health.
Neither party brought any significant assets into the marriage and with the exception of a few items of personalty all assets have been divided between the parties and are not in dispute. The plaintiff, however, claims that on the date of separation their existed $11,625.24 in debts most if not all, of which was on credit cards. After the plaintiff and defendant separated in 1994 the plaintiff made payments of principal and interest in the amount of $9,194 leaving a balance of marital debt in the amount of $3513. She is seeking an order of this court requiring the defendant to pay $150 per week until he has reimbursed her the amount of $13,995. This amount includes a claim for attorney's fees in the amount of $7,371.
In fashioning its orders this court has taken into consideration the statutory criteria set forth in General Statutes § 46b-81 and § 46b-82. Based upon the testimony and the exhibits, and financial statements it is clear that the plaintiff in this short term marriage has a far brighter future than the defendant, is more highly educated, has a greater present earning capacity, is more employable, is younger and in better health. It is equally as clear that during the course of this marriage the plaintiff provided a vastly greater proportion CT Page 7124 of the joint income. Additionally, the plaintiff's financial statement shows a net income after payment of living expenses and weekly liability expense of $112. The defendant on the other hand shows total weekly expenses and weekly liability expenses exceeding his net weekly income by $153 per week. While the plaintiff is burdened by student loans, she has and in the future will benefit greatly by the education she has received.
Based upon all of the above the court enters the following orders.
 1. A decree is entered dissolving the marriage on grounds of irretrievable breakdown.
 2. All personalty presently in the possession of the parties shall be theirs respectively free and clear of any claim by the other with the exception of the items set forth in order number three.
 3. The Bombay Company Sun Mirror shall be the sole property of the defendant free and clear of any claims by the plaintiff. The defendant shall return to the plaintiff within thirty days of this order the Tiffany bowl, silver plated serving dish and scuba bag if said items have not previously been returned.
 4. The defendant shall pay to the plaintiff the sum of $6,500 payable over five years in equal monthly installments of principal and interest. Interest shall accumulate on this obligation at the rate of 6% per annum.
5. No alimony is awarded to either party.
 6. The plaintiff and defendant shall each be responsible for the liabilities set forth on their respective financial statements and shall hold each other harmless from any liability set forth therein.
7. The plaintiff's maiden name is restored.
 8. Each party shall be responsible for their own attorney's fees.
CT Page 7125
 9. Plaintiff's counsel shall prepare a judgment file within thirty days of this memorandum. Both counsel shall sign the judgment file.
Zarella, J.